UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  　　　　　　　Case No. 1:23-cr-34
　　　Plaintiff　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　　vs.

GARY STANFORD,　　　　　　　　　　　　　　**ORDER**
　　　Defendant.

The defendant has been charged with theft of public money in violation of 18 U.S.C. § 641. This matter is before the Court following the June 5, 2023, bond revocation hearing at which the government and the defendant, represented by counsel, were present.

On June 2, 2023, the Court issued an arrest warrant based on a bond violation report. (Docs. 11, 12). The defendant was subsequently arrested, and on June 5, 2023, the defendant appeared before the undersigned magistrate judge for a bond revocation hearing. At the hearing, the government moved for bond revocation and detention of the defendant based upon the report of the United States pretrial services officer.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond pursuant to 18 U.S.C. § 3142 and who has violated a condition of his release is subject to a revocation of release and an order of detention. Under Section 3148(b), the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is probable cause to believe that the person has committed a federal, state, or local crime while on release, and finds either: (1) that there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (2) the person is unlikely to abide by any condition or combination of conditions of release.

For the reasons stated by the Court on the record in open court, the defendant's bond

is revoked. As a condition of bond, the defendant was ordered to not violate any federal, state, or local law while on release. (Doc. 8). On June 2, 2023, the defendant was indicted by a grand jury in the Hamilton County, Ohio Court of Common Pleas on felony charges of carrying concealed weapons, improperly handling firearms in a motor vehicle, having weapons while under disability, trafficking in cocaine, and possession of cocaine after he was placed on bond in the instant case. He was subsequently arrested and temporarily detained. The Court finds there is probable cause to believe the defendant has committed a state felony offense while on release on bond given the June 2, 2023 state court indictment.

If there is probable cause to believe that, while on release, the person committed a federal, state, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b). The presumption applies in this case, and the defendant has not rebutted that presumption. The defendant has repeatedly failed to meet with and report to Pretrial Services in accordance with his bond conditions, admitted to using cocaine multiple times since his release, and has been indicated on multiple serious felony charges in state court.

Accordingly, given the nature of the instant alleged state court offenses, which gives rise to a rebuttable presumption of detention, in conjunction with the other bond violations, the Court finds there is no condition or combination of conditions of release that will assure the defendant will not pose a danger to the safety of any other person or the community if released on bond.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is

2

revoked and that the defendant be detained pending resolution of the criminal charges against him.

Date: 6/6/2023

Karen L. Litkovitz
United States Magistrate Judge